THE STATE v. SOUTH, *Appellant.*

Division Two, November 7, 1898.

1. **Appeals: .MISTRIAL: TRANSCRIPT.** It is unnecessary to copy into the transcript in an appeal from a judgment of conviction, the proceedings of a former mistrial.

2. **Juror: PREJUDGMENT OF DEFENDANT'S GUILT: DISCRETION OF COURT.** Where the motion for new trial charges that a juror, prior to his selection, had expressed an opinion that defendant was guilty, and an investigation of the facts shows that the trial court did not exercise an unsound discretion in holding the charge untrue, this court will not interfere.

*Appeal from Newton Circuit Court.*—HON. JOHN C. LAMSON, Judge.

AFFIRMED.

*George Hubbert, J. W. Brunk* and *Cravens & Cravens* for appellant.

(1) The cross-examination of the defendant's wife, Mrs. South, on facts not referred to in her testimony in

chief, was error for which the judgment against him should be be reversed under the statute. R. S. 1889, secs. 4218, 6568. (2) The prejudgment of the def∍ndant by the juror, J. B. Maness, as shown by the affidavits of E. D. Snow, P. D. Worley and Melvin Snow should work reversal in this case.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, and *W. W. Graves,* for the State.

(1) (*a*) The objection that the ownership of the wagon was not gone into on the examination in chief is not well founded in fact, for such inquiry was made by counsel for defendant. (*b*) In fact, the whole cross-examination is legitimate under every rule of law and statute of the State, even if the statute was intended to limit the cross-examination of the defendant's wife to the same extent that it limits the cross-examination of the defendant. *State v. Avery,* 113 Mo. 475; *State v. Fitzgerald,* 130 Mo. 407. (2) (*a*) As to whether the juror, Maness, had prejudged the case, the question was submitted to the court upon conflicting evidence, in the form of affidavits. This evidence the court considered and found that there was no prejudgment upon the part of the juror. This finding will not be disturbed by this court. *State v. Latimer,* 116 Mo. 524; *State v. Howard,* 118 Mo. 127. (*b*) It was not error for the court to consider counter affidavits filed by the State upon this motion for a new trial. Such is the established practice in this State. *State v. Latimer,* 116 Mo. 524; *State v. Burd,* 115 Mo. 405.

GANTT, P. J.—The defendant was jointly indicted with John Tate for felonious assault upon William Meadows. The first count charged an assault with

intent to kill and the second an assault with intent to rob.   A severance was granted.

A plea of not guilty was duly entered, and on a trial before a jury defendant was convicted on the first count and his punishment fixed at three years in the penitentiary.   Motions for new trial and in arrest were filed in due time, heard and overruled.   Defendant appeals.

The record is voluminous, but upon careful inspection we discover no error in the impaneling of the grand or petit jury.   The indictment is sufficient and the arraignment regular.   There was a mistrial, and the clerk has erroneously copied the proceedings on the first trial into his transcript.   These records are sufficiently large when all unnecessary matter is excluded.

The verdict is full and responsive.

There was ample direct evidence tending to show that defendant shot Meadows in the house of the latter without any provocation; that defendant entered the house of Meadows and ordered him to throw up his hands, and as Meadows jumped up, immediately fired at him, the ball striking him under his right jaw and coming out at the back of his neck.

The defense rested upon the claim that some person other than defendant committed the assault and that defendant had not been identified.

The errors relied on to reverse the judgment are briefly, *first*, improper cross-examination of defendant's wife, and *secondly*, that the trial court improperly refused a new trial on account of the prejudgment of one of the trial panel, J. B. Maness.

I. Having gone laboriously through the examination and cross-examination of the wife of defendant, we find nothing to sustain the first assignment of error. Mrs. South having testified with great particularity and detail as to her movements on the day of the shooting

and as to her ride home with Mrs. Williams, she was asked by Mr. Benton, counsel for the State, whose wagon Mr. Williams had that day, and she answered over the objection of defendant's counsel that she believed it was Mrs. Williams' wagon. The objection is wholly without merit. The question was immaterial but wholly innocuous, but if it had been important, it was entirely legitimate cross-examination. *State v. Avery*, 113 Mo. 475; *State v. Fitzgerald*, 130 Mo. 407.

II. As to the juror Maness. It was charged in the motion for new trial that he had expressed an opinion that defendant was guilty prior to his being selected as a member of the jury. Two parties, Worley and E. D. Snow, made oath that the juror had stated in their presence "that South had broken jail and gone to Tennessee and had been arrested and brought back and was sure to go to the pen." The juror made affidavit positively denying that he had made such a statement or anything to that effect. A number of witnesses testified to the good character of the juror for truth and veracity, and the bad character of Worley for truth and veracity. Other affiants stated that Snow's reputation for truth and veracity was also bad. The trial court found the charge against the juror was not sustained. Upon this issue of fact we will not disturb that finding, as there is nothing whatever to indicate it was the exercise of an unsound discretion. If left to us we should unhesitatingly find the same way.

No error appearing we affirm the judgment. SHERWOOD and BURGESS, JJ., concur.